FILED

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIMBRA GOTTSCHALL, as Wrongful
Death Heir, and as Successor-in-Interest to
Robert Gottschall, Deceased; DEBRA
GABALL; RAYMOND GOTTSCHALL;
ROBERT W. GOTTSCHALL; RONALD
GOTTSCHALL, as Legal Heirs of Robert
Gottschall, Deceased,

        Plaintiffs-Appellants,

 v.

GENERAL DYNAMICS
CORPORATION,

        Defendant-Appellee,

 and

HUNTINGTON INGALLS, INC., FKA
Northop Grumman Shipbuilding, Inc.,

        Defendant.

No. 14-15379

D.C. No. 3:10-cv-05096-CRB

MEMORANDUM[*]

KIMBRA GOTTSCHALL, as Wrongful
Death Heir, and as Successor-in-Interest to
Robert Gottschall, Deceased; DEBRA

No. 14-15380

D.C. No. 3:10-cv-05096-CRB

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GABALL; RAYMOND GOTTSCHALL; ROBERT W. GOTTSCHALL; RONALD GOTTSCHALL, as Legal Heirs of Robert Gottschall, Deceased,

Plaintiffs-Appellants,

v.

GENERAL DYNAMICS CORPORATION,

Defendant,

and

HUNTINGTON INGALLS, INC., FKA Northop Grumman Shipbuilding, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 21, 2016[**]
San Francisco, California

Before: PAEZ, CLIFTON, and OWENS, Circuit Judges.

Plaintiffs Kimbra Gottschall, Debra Gaball, Raymond Gottschall, Robert W. Gottschall, and Ronald Gottschall appeal the district court's summary judgment in

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

favor of Defendants General Dynamics Corporation and Huntington Ingalls, Inc. We vacate the judgment and remand for further proceedings.

The California Supreme Court has recently made clear that the summary judgment entered by the district court, in reliance on a decision by the multi-district litigation court in Pennsylvania, was based on an incorrect understanding of California law. In *Webb v. Special Electric Co., Inc.*, 63 Cal.4th 167, 189–90 (2016), the California Supreme Court held:

> To establish a defense under the sophisticated intermediary doctrine, a product supplier must show not only that it warned or sold to a knowledgeable intermediary, but also that it actually and reasonably relied on the intermediary to convey warnings to end users. This inquiry will typically raise questions of fact for the jury to resolve unless critical facts establishing reasonableness are undisputed.

In light of *Webb* and the California Supreme Court's dismissal of a petition for review in *Gottschall v. Crane Co.*, 230 Cal. App. 4th 1115 (2014), *dismissed and remanded by* 373 P.3d 471 (Cal. 2016), we conclude that the summary judgment based on this theory must be vacated.

The district court never ruled on Defendants' government contractor defense. Defendants argue it to us as an alternative basis to affirm the summary judgment, but genuine disputes of material fact preclude that result. The government contractor defense is essentially a defendant's assertion that "the

Government made me do it." *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992). To prevail, the defendant "must show that it acted in compliance with reasonably precise specifications imposed on it by the United States in deciding whether to provide a warning." *Getz v. Boeing Co.*, 654 F.3d 852, 866 (9th Cir. 2011) (citation, internal quotations and alteration omitted). Here, the parties pointed to conflicting evidence regarding the Navy's labeling policies, so summary judgment is not appropriate.

We decline to address Defendants' arguments based on *O'Neil v. Crane Co.*, 53 Cal.4th 335 (2012) and *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170 (9th Cir. 2016), because they were not developed in the district court. *See Chadd v. United States*, 794 F.3d 1104, 1109 n. 4 (9th Cir. 2015) (declining to address arguments raised for the first time on appeal). These arguments are more appropriate for adjudication in the first instance by the district court on remand.

Costs are taxed in favor of Plaintiffs and against Defendant-Appellee.

**VACATED AND REMANDED.**